UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ETRAILER CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17CV1309 HEA |
| | ) |
| AUTOMATIC EQUIPMENT MFG, CO. d/b/a BLUE OX | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

### Introduction

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 8]. Plaintiffs oppose the Motion. Defendants have filed a Reply to the Opposition. For the reasons set forth below, the Motion is granted.

### Facts and Background

Plaintiff's Complaint alleges the following:

Plaintiff is an online vendor of motor vehicle accessories such as trailer hitches, trailer parts, roof racks, bicycle racks, cargo carriers, and towing accessories manufactured by Blue Ox, among others.

etrailer is the sole legal owner of a multitude of works ("Works") in the form of photographs and videos which it displays on its website for customers using its

1

website to view.  The Works of the etrailer Portfolio are original, creative works in which etrailer owns protectable copyright interests.  etrailer invested significant time and money building the etrailer Portfolio. In creating the Works, etrailer took steps to ensure that its name, logos and marks (collectively "etrailer Marks") were prominently featured in the Works.

etrailer has obtained multiple active and valid copyright registrations with the United States Copyright Office, which registrations cover many of the Works of the etrailer Portfolio and many other photographic and videographic Works are the subject of pending copyright applications.  etrailer federally secured its rights to the Works in the etrailer Portfolio with Copyright Registrations in the United States Copyright Office. etrailer has been at all times relevant hereto and is the sole owner of all rights, title and interest in and to the Copyright Registrations.

etrailer has displayed its copyrighted Works on its website http://www.etrailer.com to enable sales of its products depicted in those Works.

Blue Ox is the registered owner of the Website [www.BlueOx.com](www.BlueOx.com) (the Website") and is responsible for its content.  Blue Ox uses the Website to sell the same or similar merchandise as etrailer and Blue Ox profits from this sales activity. Without license, permission or authorization from etrailer, Blue Ox infringed etrailer's copyrights by copying, modifying, displaying on its Website and in catalogs and disseminating to etrailer's competitors many of etrailer's Works (the

"Infringements"). As noted, Blue Ox has infringed many of etrailer photographs and etrailer is correlating each infringed photograph to a registration number.

Blue Ox was aware of circumstances or facts from which the fact of infringement of etrailer's copyrights was apparent. To wit, etrailer believes that the number of unauthorized copies is at least in the hundreds. In addition, various photographs that were illegally misappropriated by Blue Ox depict an etrailer marking or logo on products or individuals shown in the particular Work. As part of its scheme to utilize etrailer's protected Works and defraud customers, Blue Ox removed or obscured etrailer's marks or indicia that appeared in certain of those photographs and videos.

Plaintiff claims that Defendant engaged in willful direct copyright infringement in violation of the federal Copyright Act, 17 U.S.C. § 501, by copying and displaying thousands of Plaintiff's photos on Defendant's website and on eBay, to sell the products depicted in the photos (Count I); removed etrailer Marks from some of the products depicted in the photos, which is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the products with etrailer in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); and have engaged in unfair competition/false designation of origin in violation of state and common law (Count III).

For relief, Plaintiff seeks a finding that Defendant has infringed Plaintiff's rights to the photos; an order directing Defendant to provide proof of destruction of unlawful copies of the photos or to allow Plaintiff to effect the same; an award of monetary damages (statutory damages of $150,000 per infringement or actual damages and disgorgement of profits to be proven at trial, attorney's fees, and costs); and permanent injunctive relief; entry of a judgment that Blue Ox has competed unfairly with etrailer in violation of etrailer's rights under 15 U.S.C. § 1125(a) and the common law of Missouri; entry of a judgment that Blue Ox's activities have violated Missouri law; entry of an order directing Blue Ox to compensate etrailer for any and all advertising or other expenses necessary to dispel the public confusion caused by Blue Ox's unlawful acts; entry of a judgment against Blue Ox for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate etrailer for Blue Ox's wrongful use of the etrailer Marks, for Blue Ox's profits and for reasonable attorneys' fees and costs; entry of a judgment against Blue Ox for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Blue Ox's unlawful acts alleged herein with respect to the etrailer Marks, said award to equal at least treble etrailer's actual damages under 15 U.S.C. § 1117.

## Discussion

Defendant initially moves to dismiss for lack of personal jurisdiction. Alternatively, Defendant argues that Plaintiff's complaint fails to state a claim.

**Personal Jurisdiction**

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that personal jurisdiction exists. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). A plaintiff's *prima facie* showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011) (internal quotation marks and citation omitted). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th. Cir. 2011); Epps v. Stewart, 327 F.3d 642, 647 (8th. Cir. 2003).

Defendant argues that this Court lacks personal jurisdiction over it because it does not have sufficient minimum contacts with the State of Missouri to be subjected to court here.

Personal jurisdiction over a defendant represents the power of a court to enter "a valid judgment imposing a personal obligation or duty in favor of the

plaintiff." *Viasystems*, 646 F.3d at 592 (quoting *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 91 (1978)). "Personal jurisdiction can be specific or general." *Id.* at 593. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state...." *Dairy Farmers of Am., Inc. v. Bassett & Walker Intern., Inc.*, 702 F.3d 472, 474–75 (8th Cir. 2012) (quoting *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008)).

Due process requires "'minimum contacts between a defendant and the forum state' so that 'jurisdiction over a defendant with such contacts may not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 912 (8th Cir. 2014) (internal quotation omitted)). "The fundamental inquiry is whether the defendant has 'purposefully availed' itself of the 'benefits and protections' of the forum state, *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 482 (1985), to such a degree that it 'should reasonably anticipate being haled into court there.'" *Viasystems*, 646 F.3d at 594 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

To determine the sufficiency of a nonresident's contact with the forum state, the court considers: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents;

and (5) the convenience or inconvenience to the parties." *Dairy Farmers*, 702 F.3d at 477 (quoting *K–V Pharm.*, 648 F.3d at 592.

In addition to the five factors, the Court must consider whether Defendant's alleged intentional acts were performed "for the very purpose of having their consequences felt in the forum state." *Dakota Indus. Inc., v. Dakota Soportswear, Inc.,* 946 F.2d 1384, 1390–91 (8th Cir. 1991). This is known as the "effects test," which was first employed by the Supreme Court in *Calder v. Jones,* 465 U.S. 783 (1984). The *Calder* effects test requires Plaintiff to make three *prima facie* showings in order for Defendant's alleged copyright infringement and Lanham Act violation to serve as a source of personal jurisdiction. Plaintiff must show that Defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at Missouri, and (3) caused harm, the brunt of which was suffered—and which Defendant knew was likely to be suffered—in Missouri. *Johnson v. Arden,* 614 F.3d 785, 796 (8th Cir. 2010) (internal quotation omitted). Rather than superseding the *Land–O–Nod* five-part test for personal jurisdiction, the *Calder* effects test merely "requires the consideration of additional factors when an intentional tort is alleged." *Dakota Indus.,* 946 F.2d at 1391; *see also Johnson,* 614 F.3d at 796–97.

**Nature and Quality of the Contacts with Missouri**

Defendant's principal place of business is in Pender, Nebraska. It never maintained a regular or established place of business in Missouri, nor is it

registered to do business in Missouri. It does not maintain an agent for service of process in Missouri. Blue Ox does not manufacture any of its products in Missouri. It has no employees in Missouri. "Telephone calls, written communications, and even wire-transfers to and from a forum state do not create sufficient contacts to comport with due process[.]" *Eagle Tech.*, 783 F.3d at 1137. This factor favors Defendant.

**Quantity of Sales**

The Complaint alleges that Defendant sold a substantial amount of product to other customers in Missouri. . Defendant's sales to Missouri were approximately 5.2% of total domestic sales in 2015 and 5.7% of total domestic sales in 2016. Sales through etrailer were approximately 4.9% of Defendant's total sales in 2015 and approximately 5.2% of its total sales in 2016. The quantity of sales in Missouri is minimal in relation to its total sales. This factor favors Defendant.

**Relationship between the Contacts and the Cause of Action**

The third factor focuses on Defendants' contacts with Missouri as it relates to the particular cause or causes of action asserted. *Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 819 (8th Cir.1994). "The third factor distinguishes between specific and general [personal] jurisdiction." *Myers,* 689 F.3d at 911. This is so, because "[s]pecific personal jurisdiction, unlike general jurisdiction, requires a

relationship between the forum, the cause of action, and the defendant." *Id.* at 912. The *Calder* effects test may be utilized in analyzing the third factor.

Following *Calder,* cases decided throughout this Circuit uniformly have held that in order for a defendant's tortious conduct to confer personal jurisdiction, there must be a *prima facie* showing that the defendant's intentional acts were "performed for the very purpose of having their consequences felt in the forum state." *Dakota Indus.,* 946 F.2d at 1391 (internal citation omitted). *See, e.g., Johnson,* 614 F.3d at 796 (no personal jurisdiction where defendant's allegedly defamatory comments were not expressly aimed at forum, and no other evidence of minimum contacts existed); *Gen. Elec. Capital Corp. v. Grossman,* 991 F.2d 1376, 1387 (8th Cir.1993) (no personal jurisdiction where "focal point" of tortious injury occurred in outside forum, even though the court agreed that effects of harm ultimately were felt in forum); *Hicklin Eng'g, Inc. v. Aidco, Inc.,* 959 F.2d 738, 739 (8th Cir.1992) (no personal jurisdiction where defendant had knowledge that plaintiff would be affected by intentional tort, but otherwise had no other connection with forum); *N.C.C. Motorsports,* 975 F.Supp.2d 993 (no personal jurisdiction where non-resident defendant entered into a lease with Missouri plaintiff to use plaintiff's copyrighted shopping cart vehicle for promotional purposes, knowingly hired third party to build an infringing shopping cart, and then terminated lease when shopping cart was ready); *Express Scripts, Inc. v. Care*

*Continuum Alliance, Inc.,* 2011 U.S. Dist. LEXIS 61157, 2011 WL 2199967, *4 (E.D.Mo. June 7, 2011) (no personal jurisdiction where defendant did not knowingly target trademark infringement at forum, and defendant had no other contacts with forum).

Even a close examination of *Calder* reveals that the Supreme Court's finding of personal jurisdiction in that case depended on something more than the defendants' knowledge that the plaintiff would feel the brunt of the injury in her state of residence. 465 U.S. at 784–87. Other contacts between the defendants and the forum state were found in *Calder,* including the fact that the defendants made frequent trips to the forum for business, made direct phone calls to residents of the forum in furtherance of the tort, and published the defamatory article about the plaintiff in the forum, a state where the defendants' publication had its highest circulation. *Id.* All of these facts combined evidenced the *Calder* defendants' purposeful availment of the forum and justified the court's exertion of personal jurisdiction over them.

*Johnson* is particularly instructive to the facts of this case. Plaintiffs invoke the argument that the effect of Defendants' alleged copyright infringement was felt in Missouri by virtue of the fact that two of the Plaintiffs are the holder of the copyright and Missouri citizens. However, the *Johnson* court applied *Calder* to such an argument and rejected it. 614 F.3d at 797–98. The court explained that

"even if the effect of [the alleged tort] was felt in Missouri, [the Eighth Circuit] use[s] the *Calder* test merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state." *Id.* at 796–97. Following this logic, the *Johnson* court "construed the *Calder* effects test narrowly, and h[e]ld that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Id.* at 797.

Here, Plaintiff alleges in its complaint that Defendant targeted Plaintiff, not that it targeted Missouri. Defendant's argument that the complaint does not indicate that Defendant engaged in specific marketing or promotional activities specific to Missouri after targeting Plaintiff is well taken. Indeed, the complaint focuses on Defendants actions *vis a vis* Plaintiff alone, not Missouri.

Based on the application of the *Calder* effects test, the third *Land—O—Nod* factor weighs in favor of Defendants.

**Interest of the Forum**

While Missouri does indeed have an interest in providing a forum for its resident copyright and trademark holders, this fact cannot outweigh the due process considerations necessary to hale an out of state defendant into this Court. *See N.C.C. Motorsports v K-VA-T Food Stores, Inc.*, 975 F.Supp.2d 993, 1005 (E.D. Mo 2013).

**Convenience of the Parties**

While Missouri would be more convenient for Plaintiff, trial in this jurisdiction would be equally inconvenient for Defendant. This factor is therefore neutral.

## Conclusion

Plaintiff has not carried its burden of establishing a prima facie case that federal courts in Missouri may properly assert personal jurisdiction over Defendant As a result, the exercise of personal jurisdiction over it is not consistent with the requirements of the Due Process Clause.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for lack of personal jurisdiction, [Doc. No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint against Defendant is dismissed for lack of personal jurisdiction.

Dated this 29th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE